The next case is United States v. Delgado. Good morning, your honors. May it please the court, Edward Zast, again from the Federal Defenders, for Mr. Delgado. By way of introduction, there is a Bruin claim under the Second Amendment in our briefing, and I understand that there's now probably over a dozen cases pending before this court, so I'd like to focus instead on the other issue, which is a procedural error at sentencing. So I'm interested in that, but before we proceed, so Mr. Delgado has been released from prison, is that right? That's correct. He's on supervised release now. And do you think that it's still a live controversy because of the supervised release? It's a live controversy for two reasons. One is the Bruin claim is still there, so if it's conviction, we'll be able to- Right, I understand. So the sentencing guidelines calculation, do you think it's still a live controversy? Yes, under this court's cases, United States v. Holloway, for example, even though he's already served his prison term, the court, if it realized that it imposed a sentence that was higher than it would have imposed if it had done it correctly, could reduce the term of supervised release. It could. Yes. But haven't we said there has to be some reason for thinking it would? The court has said unless it's so remote and speculative that it really couldn't happen. But the government hasn't argued mootness, and there's no reason to think based on the record that Judge Karras wouldn't consider it, at least. So the issue here is whether the district court erred by ruling that the Florida crime of attempted murder in the second degree qualifies under the categorical approach as a guidelines crime of violence. And just to cut through kind of all the briefing and arguments, I think the dispositive question is, does this Florida offense have as an element the attempted use of physical force against the person of another? The reason I've limited it to attempted use is because the government is not arguing that the Florida crime requires the threatened use of force. And although the government kind of waffles between whether the crime requires actual use or attempted use, our example in the brief is someone who fires an empty gun at someone else thinking it's loaded, but it's not, has not used force against the other person. They've attempted to use force against the person. And that's surely enough for attempted murder. But it doesn't involve the actual use of force. So the Supreme Court has told us that in order for something to constitute the attempted use of physical force, the government has to, the state in this case, would have to prove that the defendant intended to direct physical force against another human being. So in Borden, they said the phrase against another, when modifying the use of force, demands that the perpetrator direct his action at or target another individual. We've given you two cases from the Florida Supreme Court which are controlling on the elements of Florida law. One is Fisher, which involves a defendant who's convicted of completed second degree murder. But the court acknowledges that he may have only intended to damage the would-be victim's car. So that shows that you can commit the crime of second degree murder in Florida by intending to use force solely against property. That takes it out of the guidelines force clause. Still might qualify under other force clauses that include property. So if it's mere recklessness, it's not the use of physical force against the person of another, right? And you're saying you can act recklessly with respect to property. Does it matter that we have these jury instructions that say it's under circumstances in which an ordinary person would think it's reasonably certain that the death is going to result? Doesn't that mean that it's something more than mere recklessness? No, your honor, for two reasons. First, just federally, the attempt has to be the specific intent to use force against the person of another. And the way the jury instructions are phrased, it's not that the defendant has to have either the intent. It's an objective person. Exactly. So it doesn't show that actually the defendant had the knowledge that the person was going to. So maybe the defendant is not a person of ordinary discernment, but something different than that. Exactly. And you think that makes a difference? Yes. So if in fact the principle was that the defendant had to be reasonably certain that death would result, you would say, well, that would be enough. That might be enough for a knowing crime. But intent is even higher than knowing, as the Supreme Court told us in Borden. Well, Borden kind of reserves judgment and kind of suggests that maybe if you knew that somebody was going to die based on your use of force. I mean, just putting aside the precedence, if you're using force and you know it's going to result in the death of a person, it probably means you're using it against a person, right? I would say not quite. I mean, these are hard questions. The reason I cite Borden is not so much for the footnote that leaves open sort of a depraved heart or extreme recklessness. Borden goes through essentially the four mental states for criminal liability, right? At the top, the strictest is purpose or intent. That requires the conscious objective, the strictest, right? You have to intend that the force hit the person, right? Below that is knowing. And that's more of what Your Honor was suggesting, that if you know something's reasonably certain, you might be said to know it. If I'm using force and I know that it's going to hit a person and result in that person's death, I mean, it's- Yes, but it's- At least plausible that I know that I'm using force against the person. That's true, but it's not the intent. And there's the difference, right? Borden places, so you have purpose, then you have knowledge, then you have recklessness. And this is somewhere- So you're saying like those circumstances are I'm doing something that's so reckless, I know somebody's going to die as a result of it, but I'm directing the force not against the person. I'm directing the force to the car or to the crowd or whatever. Or like if I fire into a crowd, it's true, I'm reasonably certain I'm going to kill somebody, but I'm actually not directing my force against a person. That's right. I'm just like shooting in that direction. That's right. And we've given you in a reply brief a Florida case essentially that says that, that shooting into a crowd but not intending to hit anybody is enough for second degree murder, attempted second degree murder. Right. That's the, I think it's Presley in our brief. Your principal case, and correct me if I'm wrong about this, your principal case is Fisher, right? Principal but not the only. Fisher stands for the proposition that you can commit the crime by intending force against property only. That takes it out of the force clause. There's a second case, Brady, which is in the reply brief. Tell me what happened in Fisher though. I mean Fisher first, I think you said it was a second degree, but it was actually a premeditated first degree, but so you're relying on a sentence from Fisher where the court says, they first say there's not sufficient evidence for premeditated murder because there were shots fired into a home, into a car, and we don't know that that shows premeditation. Not enough for premeditation, but we have no doubt it would be enough for second degree murder. So walk me through why you think that's helpful to your case. Thank you for the question. I'm glad you asked. So just to review very quickly the facts of Fisher. Fisher, Johnson hits Fisher over the head with a bottle in the middle of the day or something. And then several hours later word gets around and Fisher and his three cohorts are driving with three separate nine millimeter pistols. And they drive to the house where they know that Johnson stays and they fire a total of at least 35 bullets. And some hit the car, some hit the house, and one tragically hits a child who's sleeping inside. So Fisher's originally convicted of premeditated first degree capital murder. And that's the case that goes up to the Florida Supreme Court. And they say it's not enough for first degree premeditated murder. And they cite the premeditation standard and the government is using it to say, that was all about premeditation. It wasn't about whether the defendant intended to harm someone. But A, that's not what the Florida Supreme Court says. And B, of course it's premeditated. They're in a car driving around together with three Uzi's. What's premeditated is the recklessness, but not the murder. Not the use of force against the person, right? Is that, sorry, maybe I interrupted. Yes, what could be premeditated, or at least what the Florida Supreme Court says is clearly sufficient for the conviction is that they intended to frighten Johnson or to damage his car. Which was struck by several of the bullets. So, and then they say the proof is clearly sufficient, yes, for a conviction of second degree murder. So that's our point, that is- And that would be enough, so if you were aiming to vandalize the car by shooting at it. Yes. And you in fact hit a child in the house behind the car. You commit murder in Florida because that is so reckless that an objective person would understand that death is reasonably certain to result. Yes, that's completed second degree murder. And the Supreme Court in Borden told us that that's not a use of force against a person because you need to intend to direct it against the person. Yes. But if in fact the person shooting the car was reasonably certain that the force was going to end up hitting the child, which I take it that that's a nuance that maybe is not consistent with Florida law. Yes. That would be different because maybe then you are, you're using force and you know that it's going to be against the person. So like, when you use the force, you understand that it's going to apply to the person and it's not odd to say that that's a use of force against the person, right? So just to be very careful, I would distinguish between the situation where the child dies, so you have a completed second degree murder, and where the child is wounded, that would be an attempted second degree murder. And the reason I distinguish it is because federal law, the guidelines and federal law generally distinguish between a completed crime and the attempt. And here we're talking about whether it's the attempted use of physical force against the person, which means it has to be the specific intent that you're using force against the person. But if I'm firing at the car, and I'm reasonably certain it's going to end up being applied to a person, even if I don't succeed in killing the person, you might still say that I've attempted to use force against the person. I think that's a reasonable thing. So your argument really does depend on this idea that Florida law says it's an objective standard about being reasonably certain that it's going to result in a force against a person. And not the subjective intent of the defendant, or knowledge of the defendant. If you're saying it doesn't depend on that because you have other arguments, that does seem like an important distinction. What I'm saying, I think if we go back to Chief Judge Livingston's question about Fisher, it answers it. Because there, they say it's clearly sufficient for second degree murder. But they acknowledge that there's no evidence he was knowing it would hit someone, or intended to hit someone. Right, so you're saying, so actually there's this other nuance, which is that the jury instructions talk about reasonably certain to result in the death of another. But the way this, as far as the court has talked about it, it just seems they're talking about regular recklessness. Is that the other point? I think- That would be a depraved, that would be acting with a depraved mind, which isn't regular recklessness, right? I mean, the jury instructions are the act must be eminently dangerous to another, which shooting into a home that may well have people inside would be, and demonstrating a depraved mind without regard to life. That's right, but even shooting at the car, as we know from Fisher, is an eminently dangerous act demonstrating a depraved mind. But it's against- Perhaps if you don't know whether there's a person inside or not. That's right. That's right, but my point is you can, Florida, and this is Florida's prerogative as an independent sovereign, it can define its crimes the way it's wanted. It takes a very expansive view, unlike, I think, virtually every other jurisdiction of what attempted murder is. And they've decided to define it to- I'm actually not sure that's true. So actually, so can I ask you this other question? I know the government is not relying on the enumerated offenses clause, so maybe that argument's not available to us. But I'm curious about it when I get to ask questions. So the enumerated offenses clause says crime of violence is also something that is murder. And so we know that we're supposed to understand that as kind of generic murder, which is dictated by the way most states criminalize murder. And by my count, it seems that 29 states have a kind of recklessness-based murder that looks like the Florida statute. And even more states criminalize the same conduct as manslaughter, which is another enumerated offense. And so it does seem to fall under that. And the application note tells me that an attempt to do that counts as the thing itself. So why shouldn't we conclude that because this is murder, it is a crime of violence? If it were murder, it would. But you're saying second degree murder in Florida is not murder. No, second degree murder in Florida, because it has this depraved heart idea, would qualify as generic murder. Would qualify. Would qualify under the enumerated offenses clause, yes. So then that's all that we need for it to fall into this. If it were murder. You're talking about attempt. Exactly. I understand. So then here we have this question, right, because what the guidelines themselves just say is the completed offense has to be murder. Right. And then an application note says, oh, but attempts count also. Right. I get that there's some peculiarities about the way Florida defines attempted murder. But I don't know if that is actually what I'm supposed to apply, right? So the guidelines only talk about the completed offense. And then it says an attempt to do the completed offense should count also. Right. So I can understand, you know, one argument that, well, because of the application note, I should sort of read into the guideline like another enumerated offenses clause that talks about attempted murder and compares the elements of attempted murder under the generic against the state or whatever. But why, but I could also say, the guideline talks about the completed offense. And so I should compare the completed offense under Florida law to the generic murder. And then just say, if you're doing an attempt to do that, it counts. So I'm not sure I need to import all of the elements of attempted murder, because that's not what the guideline talks about. And the way you understand, you know, the word attempt is, it seems like this was an attempt to do second degree murder in Florida. So why isn't that right? It's not right because the guidelines don't define attempt. And the court has said, I think in Castillo, maybe most recently, Supreme Court has said that when a federal law or a guideline uses the term attempt without definition, it refers to the ordinary or even the legal meaning of attempt, which requires specific intent, federally. Well, no, the idea of attempted murder requires specific intent. But the guidelines don't talk about attempted murder, it just says an attempt. So in prior cases, we've said that it counts if the state sort of treats the law of attempt the same way as it would be generically treated, which is there's a substantial step or whatever. Which Florida does, right? But it doesn't use the intent to commit the underlying offense. That's the fatal problem with Florida. I mean the specific intent. What did I say? The specific intent to commit the crime. Right, so you're saying because most states talk about attempted murder as requiring specific intent, even if the completed offense does not require specific intent, we should say that it's not a categorical match here. It seems to me that argument is reading a lot into the guidelines, which doesn't talk about matching attempt crimes as the elements of attempt crimes. It talks about, is the completed offense murder by generic definition, and if it's an attempt to do one of those things, it also counts. It's not obvious to me that it's that way, but I guess I understand your argument. Yeah, and I think, I wish I had too many pieces of paper. I wish I had the case at hand, but I think Castillo does talk about this. That attempt in the guidelines, I think it's even in this section, requires specific intent. That's what the commission would have understood it to mean. And so you have to look at, does the Florida attempted crime here murder? Is it a categorical match to the federal definition of attempt? And it's not a match. There's a- Well, if the federal definition, it would be the generic definition. That we would do a state survey of how the states do, right? That's how we would figure that out, right? How states do attempt. I think, not just- No, or we could do federal, I guess. Yeah. Well, I don't know. We could do federal in terms of the law of attempt generally, which is what we've done in prior cases. We'd say, does the state do the law of attempt the way the federal government does, and then it's a match? Or we could understand the application to kind of be invoking the way all the states define attempted murder, attempted voluntary manslaughter, attempted kidnapping, whatever, all of these things. And then compare the elements of those things against each other. But it's not, I guess it seems like there's three ways, right? You just say, attempt just means any attempt, right? And so we don't have to do a kind of categorical thing to decide whether it's an attempt. Or we could say it's a match between the federal law of attempt and the state law of attempt. Or we could look at all of the states and how they define all these individual attempt crimes, right? Those are the ways to apply the application. I'm not sure about one. I mean, there needs to be some content to what an attempt requires under the guidelines or under federal law. Can't just say it's an attempt, and because Florida calls it an attempt, it's an attempt. Does it meet the generic definition of attempt? Well, you're just saying that that approach is precluded by precedent. But it is, if we were writing on a blank slate, you might just say, well, attempt just has the ordinary meaning of an attempt to do the thing. And so we would just look to see if that's what we're talking about. In a different legal world, sure, it could just be a trying, I suppose, without any, you know, not a legal term. Did someone try to do this? But I think the cases bear out that it's more specific intent. The cases bear that out, but you know, we were talking about the sentencing guidelines, right? It does seem like when you're sentencing somebody, you do kind of take into account all of the circumstances of the individual crime and so on. It is a little weird to be ultra-formalistic about the language, and the district court is allowed to take into account all of those things. Let me be very clear. While the facts of the prior conviction are irrelevant under the categorical approach, they are not irrelevant by any means to sentencing. The judge can and should take into account under 3553A the facts that are established, the nature of the crime in the past. We're just saying that as a legal question, the Florida crime does not count as a crime of violence, and it has this automatic consequence of a sixth level bump up in the guidelines. And so- So you're just saying the remedy would be because the guidelines have an anchoring effect, we'd have to vacate and remand for recalculation of the guidelines. But then the district court would have at its discretion to vary upward because of the circumstances of the individual case, right? Very upward or downward. And you think if we did that, there's a reasonable possibility the district court is going to reduce the term of supervised release because that's the only thing that's left to be at stake? I do think so, because let's assume that if we prevailed, the guidelines, I think, were 15 to 21 months. And the judge could impose 21 or 25 or whatever, but he's already served 30, and the judge could certainly say, I'll knock off five months. That's not beyond the realm of possibility. Before I sit down, and I know I'm over my time, I didn't get to the Brady case, which I think corroborates my reading of the Fisher case. Brady, very quickly, was a Supreme Court of Florida, and the defendant is in a crowded nightclub. It's New Year's Eve. He fires, intending to kill A. He misses and wounds B. He's convicted of two separate counts for attempted murder, one of A, one of B. And it goes up to the Florida Supreme Court, and they said, no problem. There's two separate crimes counts of attempted second-degree murder, even though everyone seems to agree that the defendant had no intent to kill or injure B. And if you read the reasoning of the case, it's not about intent. They explicitly disclaim any reliance on this idea of transferred intent. They say firing the gun in the bar in close vicinity to both A and B is an attempted second-degree murder. Exactly. Guilty of both counts. So that, again, this is even putting aside the property argument, right? This is just, you can be convicted of attempted second-degree murder without intending to use force against either a person or property. This person is just shooting so recklessly and in close proximity to the two potential victims that he's guilty of the two counts. Yeah, but if you're firing into a crowd, let's say you have knowledge, like, of course it's going to hit a person. So you are not denying that it's an open question as to whether under those circumstances a person is using force – sorry, the defendant is using force against a person. It's an open question whether that person is – It's like the idea is I'm firing into a crowd of people. I don't intend to kill any particular person, or maybe I intend to kill this particular person, but I'm being charged with killing that person. I don't intend to kill a particular person, but I'm reasonably certain. In fact, in that circumstance, pretty certain that the force is going to be applied to another person. So that might be a use of force against a person. It certainly might be the attempted use of force against the person, I think. Could be. Could be. I would say it has to be stronger. Not enough to be reasonably certain, the Supreme Court tells us. It has to be the conscious object of what you've done, and that's certainly not what Florida requires. So let's say we understood Florida to require knowledge. So it's not recklessness. It's knowledge. Like you know – it's not your conscious object, but you know that the force will be applied against a person, and it's likely to kill them. And you've used the force anyway. Aren't we using the force against a person? You're attempting. We're assuming it misses, I take it. Oh. Well, let's talk about the completed offense. So let's say it does actually end up being applied to the person. Right. So I know it's going to be applied to the person, and I use the force anyway. I've used force against the person, haven't I? That's a normal way to talk about those circumstances. It's unclear. I think that's a closer question. I think that sort of gets into the question left open in Borden. Right. And the attempting would follow from that. So if those were the – if I know it's going to hit the person and somehow it doesn't, I still have attempted to apply force against the person because I used the force knowing it would hit the person, even if I made a mistake about what would happen. I'm sorry. Is that the completed crime now? No, that's the attempted. I'm sorry. I'm sorry. Again, I think we might be going in circles because – Yeah, maybe. I think I understand it. Because I think the law bears me out on this, that if we're talking about federally now the attempted use of force against someone else, it has to be specific intent to use force against someone else, which means it has to be the conscious objective, no matter how likely it may be, no matter how – Actually, so you think that the reservation of this extreme recklessness in the footnote in Borden was a waste of time because there's no way that extreme recklessness would qualify as use of force against a person? I think that is sort of compelled by the reasoning of Borden, but I think it certainly doesn't extend to attempts because attempts have this additional thing of specific intent. I mean, I guess if I have the kind of – let's say we define recklessness and I'm acting recklessly toward a person. Maybe then you'd say, well, that's closer to knowing that I'm going to hit that person or having the conscious objective of doing that, right? Or you wouldn't say that, but maybe. I don't mean to keep throwing out hypotheticals, but I appreciate that. Thank you, Judge. I just want to give you a case that I think is helpful on this. It's this Court's decision in the United States against Scotty. It's from 1995. It's not in the brief, which is sort of why I'm flagging it for you. It's Judge Walker's opinion for the Court. And on page 1244 to 1245, there's a discussion of the difference between specific intent or purpose and general intent or knowledge. And the Court here says, The requirement of knowledge corresponds loosely with the concept of general intent. It is met if the government proves that a defendant was aware that a result prescribed by the statute was, quote, practically certain to follow from his conduct whatever his desire may be as to that result. On the other hand, the requirement of purpose, which corresponds loosely with the common law concept of specific intent, demands that a defendant who causes a particular result have, quote, according to the Supreme Court, consciously desired that result, whatever the likelihood of that result happening from his conduct. So that's the point I'm making, is if the defendant— If we're reasoning from the phrase use of force against a person, which is what the Supreme Court is doing in Borden, right, obviously you're using force against a person if your conscious object is to apply force to the person. If you use force and know it's going to hit the person, which is the knowledge, it's not obvious that that – like the reasoning of Borden that against a person requires that kind of objective would not be met because I'm using force knowing it's going to hit the person. I'm using force against the person. So I take it that you have arguments about why that might not work, but it's not foreclosed by Borden. I agree, but Your Honor just mentioned knowledge, and I'm talking about specific intent for attempts. That's where I think we're kind of disagreeing. In other words, I'm saying for a completed depraved indifference murder— But if I used force knowing it would hit a person, and we think that that might be use of force against a person, if I attempted to use force subjectively knowing it would hit a person but somehow it doesn't, I don't see why that isn't a use of force against a person or attempted use of force against a person. But I understand the distinctions. I've taken up your time. Thank you so much. Chief Judge Livingston, Judge Jacobs, Judge Minashi, may it please the court. The Florida offense of attempted second-degree murder requires an intentional act that, one, would have killed a person, and two, a person of reasonable judgment would know is reasonably likely to kill or seriously injure a person. That is an element of use, attempted use, or threatened use of physical force against the person of another. Accordingly, attempted second-degree murder under Florida law, such as when Daniel Delgado shot a man in the back, is a crime of violence under the guidelines. For the first time on appeal, Delgado argues that he could have committed the Florida crime of attempted murder in the second degree by shooting at an empty car, which would mean that the crime can also be committed by directing force at the property of another. He's wrong about Florida law. Because he relies so much on Fisher, it's worth first talking about the odd procedural position that Fisher was in, which tells you not only what the Fisher court found, but also, just as importantly, what it didn't find. In Fisher, and this is on page, I believe it's 952, yes, 952 of Fisher, it explains that under Florida law, when considering first-degree murder and premeditation, they have a curious rule. They say that where premeditation is proved solely circumstantially, they say it can be proved solely circumstantially, but under those circumstances, the government is required to specifically negate every possible alternative inference. That is, it's not a normal sufficiency question. It puts a much greater burden on the government. And so when they were analyzing whether premeditation had been proved, they weren't analyzing the sufficiency of the evidence. Rather, they were saying, irrespective of what the jury actually could have found here, are there any other alternatives that, in theory, could have existed? And they went through those, and one of them was they said, for example, they could have been shooting in order to shoot out the car. And then all they say is, but now that we've established there's no premeditation because we've come up with an alternative other than premeditation under Florida law that wasn't specifically disproven, they say, but we say that the evidence below, without any further analysis, the evidence below was sufficient for second-degree murder under Florida law. So isn't the Florida Supreme Court saying even if they were aiming at the car, it would still be second-degree murder? I don't think that it is, because it's not trying to analyze whether the evidence showed that they were just aiming at the car. That is, it's a different type of analysis. Well, they can't exclude the possibility that they were aiming at the car, right? For the purpose of premeditation. The evidence shows that they might have been aiming at the car, and yet the evidence is still sufficient to establish second-degree murder. Right, but they can also, it is totally logical, and part of the problem is they don't go through the analysis at all. It's a very, as Your Honor knows, it's a very short per curiam opinion. So they don't go through the analysis. They don't say under a sufficiency analysis, we would say the evidence is insufficient to show that he knew that there was a person there. They only say for the premeditation analysis, which is a different analysis with a very different standard, that there is another reasonable alternative that wasn't specifically disproven, which is it's possible that they thought that they didn't realize, that they thought the guy had walked inside just before they shot, and their intention was to shoot up the car. So that means that they haven't said one way or another. I'm not saying that they've said one way, they've said the other. The point is they don't get into the analysis at all. So Florida is a pretty poor vehicle to come up with a very strained theory that under Florida, and by the way remember it's a murder case and not an attempted murder case, under a strained theory that using the framework that Mr. Zass provides this court, if I were to shoot at a car that I know full well has nobody in it, it's an empty car, I've gone through it, I've looked through it, etc., etc. If I were to shoot at that car, I have committed attempted second degree murder, because all that matters is my intent to destroy property. And if I were to shoot at a car... It's a car sitting in front of a house, right? It's reckless because you're firing bullets at a house. Your intent is to hit a car, but you might hit a person, that's what makes it reckless murder, right? Right, but attempted second degree murder isn't a reckless murder. It doesn't claim to be a reckless murder, because it requires both that the action would have killed a person, and that a person of reasonable judgment would know is reasonably likely to kill or seriously injure a person, which is well above a recklessness standard. And remember, in the brief description of the facts of the shooting itself in Fisher, it doesn't say it seemed to be an empty house, but it turned out there was a child inside. It talked about how they knew that this was a house that's occupied by Johnson's family, I believe it was his sister and his sister's husband and their children, that he sees the car outside that Johnson had just been driving. In fact, it explains... But apart from these details about that case, you don't deny that in Florida you can act recklessly. Maybe you're firing the gun to intimidate somebody or whatever, but it's not for the conscious objective of killing somebody. And yet, if the death results, that's second degree murder, right? I'm not sure exactly what would be second degree murder, because second degree murder doesn't require an intentional act that would have killed a person. Rather, it simply requires an unlawful murder, and I haven't gone through what... which is a different thing. I haven't gone through what murder is. Here we have the advantage that we have a specifically defined crime. That is, we don't have to parse through what would second degree murder be, what would an attempt of that be, because the Florida Supreme Court has set forth specific elements for the crime of which Mr. Delgado was convicted, which is attempted second degree murder, which specifically requires... But you don't want to reason from the case law about completed second degree murder. You want to talk about the statutory elements of attempted second degree murder. That's right, because that's what... What if those elements are that somebody would have been killed and a person of reasonable judgment would have thought that it was reasonably certain for somebody to be killed? Why isn't that consistent with what I just said? It's like you might be firing the gun for the purpose of intimidation or whatever, but it was so dangerous that an objective person would have thought a death was going to result, but you might not have intended a death to result. If, for example, I'm firing a gun at somebody for the purpose of intimidation, knowing that I'm firing at them, and my thought is, some days I'm a better aim than others, I'm only going to fire once. If it hits him, great. If it doesn't, great, it's for the purpose of intimidation. I think that that would be attempted second degree murder, but the point is that there is force being directed at a person to do that. This has to be a particular person, right? So if I fire at a crowd or the direction of a crowd, right? People... I think people count just as well as person. If, on the other hand, I were, say, to fire at that wall right over there, not knowing one way or another whether there's an ante room right behind it, not knowing whether my bullet will go through and it might hit somebody, I think that there, that's something where it may be recklessness. I'm not sure that that would be attempted second degree murder under Florida law because a person of reasonable judgment would not have known reasonably without any of that background knowledge that it's likely to kill. Just as if I were to fire in the air, if it turns out that there's somebody in a hang glider above me who I hadn't looked at, that might very well be reckless, but that's not what matters here. In fact, Borden said there's a difference between knowledge and recklessness, and knowledge is sufficient to get you there. And here, by saying... So you disagree with Mr. Zass that knowledge might not be sufficient? That's what Borden says. And you're saying this statute amounts to knowledge? That's right. Even though the Florida Supreme Court has described completed second degree murder as requiring only recklessness... But it hasn't. It hasn't? No, the word reckless doesn't show up in Fisher at all. It requires knowledge that there's somebody there. And, by the way, it doesn't have to be knowledge that the person will die. What we're talking about here, because we're talking about crime and violence, is knowledge that the force is being directed at a person. And you have enough of that. When you put together that the act would have killed somebody and that a person of reasonable judgment would know that it's reasonably likely to kill or seriously injure a person, it is nigh impossible to put those two together and not have knowledge that there is a person who that force is going toward, irrespective of your purpose. And this is one of the things that purpose is different from intent. Intent can be I am shooting at a car that there's somebody in it, even though what I really want to do is break the glass. I don't care that the guy who's in the way of the bullet will die. My purpose may not be to kill the person, but my intent would be to direct force at that person because I'm shooting at a car and the reason that I have reasonable, that I, as a person of reasonable judgment, I hope. Well, that's an interesting point because not every defendant is a person of reasonable judgment. So we're just talking about whether it's an objective standard or it subjectively describes the intent of the defendant. And even as you've described the elements of attempted second-degree murder, it is an objective standard. So there does not have to be a finding that the defendant actually did know that it was going to result in the death of a person. But when you have the person who falls outside of that, you have the person who believes, but I believe that this person is a god and therefore cannot be harmed by bullets and cannot be killed. Or I believe that I am such a good shot that I saw on a TV show the other day that there's a special way to shoot somebody that it misses all the vital organs. That still involves directing force at a person. And again, especially because what we're supposed to do is we're supposed to look first at the elements. And here we have the elements. We look at those elements, and it's impossible to fulfill those elements without directing force at a person. So whether I have reasonable belief that the person is going to die because I'm insane or not— But it is possible to direct a gun at a person because you can use force, direct it at some other object that's near people, and it ends up hitting the people, right? Right, because you have knowledge that— Your argument is kind of like what the dissenters say in Borden, that you're using force and it's killing a person, and so you're using force against a person. But the Supreme Court has told us that against a person means you must be deploying it against a person. Right, and that's where the knowledge point of the Florida statute comes in here because Borden said, yes, there is this division. It said there are four forms of mens rea to be considered here. There's purpose, then below that there's knowledge, then below that there's recklessness, and below that there's negligence. So do you think that the requirement that a person of reasonable judgment would understand that a person is tantamount to saying the defendant must know it's going to hit a person? I think that it's impossible to get there if you don't know that the force is directed at a person as opposed to at an object. Again, if I shoot at an empty car— Okay, so you're just saying this argument is directed to precluding the idea that I could shoot at a car and still be convicted of secondary murder. You think that that's not right? I think that that's not right. Well, what about the argument that I could act recklessly in the vicinity of people and I end up killing a person and I can still be convicted of secondary murder? So my conscious object was not to apply force against the person. I didn't even know it was going to hit a person. But again, the cases that are cited by the defendant here to argue that what Florida requires is akin to recklessness, because they don't actually say recklessness, that it's akin to recklessness, those all involve directing force at a person or people. And there the question is who the intent goes toward. Note that in those cases they specifically talk about we don't have to get to the question of transferred intent because it's enough that you're shooting at people. And all that a crime of violence requires is that it be intended to hit a person, not that it be intended to kill a person. And that's where part of this reasonableness comes in. The Supreme Court says in Borden that the phrase against the person means that your conscious object was to hit the person. So let me think if the Supreme Court had that case where you could intend to hit one person but you actually are guilty of attempted secondary murder for two people because you were firing at all of their vicinity, the Supreme Court would say, no, you intended to kill the person that you intended to kill and it was not a use of force against that person. No, I think that if the commission wanted to graft a requirement that a crime of violence be successful enough that it be directed against the person that you ultimately want to get, they could have and should have said so. They don't do that, though. They simply say against a person. Again, this is the argument of the dissenters in Borden who say the court is reading way too much into against a person and it doesn't have an intent element and it shouldn't be there, but that's the law. So I guess the person does incorporate a kind of mens rea requirement, right? Right, but remember Borden also says that mens rea requirement is also satisfied by knowledge. It doesn't need purpose, and I think that what Your Honor is really focusing on there is purpose, which is purpose to I wanted to kill this guy even though I wanted to shoot this guy even though I shot that guy, and here the knowledge is I'm shooting at people. That is, there's force directed at a person instead of against an empty car. Unless the court has any other... Can I ask you about what I was asking about with the enumerated offenses clause? Is the reason why you don't rely on it the same argument that we just had about the elements of attempted murder? So I think that the reason is that, and I believe that Delgado cited this in his opening brief, there's a case called Braxton out of the Supreme Court that said that when it comes to attempted murder, there has to be a specific intent to kill, and I think that we read that to... It may be that it's arguable that that wouldn't translate here, but I thought that it was, I think that in my mind at least, it was too nuanced an argument to get out of Braxton when we had such a clear set of elements that the Florida Supreme Court has set for that. Okay, but I understand that, but... So you agree with Mr. Zass that completed second-degree murder in Florida is murder under the guidelines, and the only question is whether attempted second-degree murder is generic attempted murder. I think that's right, and again, it's just because... But the way this interacts with the guidelines is the guideline just says that the completed offense has to be murder, and then an application note says attempts count. And so it's not obvious that that means you look at the elements of attempted murder in a statute or you look at whether it would be something that's an attempt to do the completed offense. That's right, and I would never argue that you shouldn't defer him on another basis, which is a very wise basis. I'm just explaining why it is that we didn't make that argument below. Or here. And now, unless there are any other questions, we'll rest on our briefs. Thank you. Your Honor, this is my friend Mr. Maiman, and he is my friend. He's a talented lawyer, but he cannot escape the law of Florida. Mr. Maiman would have you believe that the elements of attempted second-degree murder in Florida essentially involve either the knowing or intentional use of force against another person. That's not the law of Florida. If you look at what Fisher actually says, after going through the facts, we cannot rule out the possibility that Fisher and his cohorts merely intended to frighten Johnson or to damage his car, which was struck by several of the bullets. Now, if they were just talking about premeditation, they would have just said, yes, there was an intent to kill, but we think it's insufficient to show a fully formed intent to kill and therefore not premeditation. So Fisher, I think, is dispositive. Mr. Maiman also doesn't deal with the cases, and these are at page 10 of our reply brief. Pressley against States says that you can commit second-degree murder in Florida simply by intentionally firing a gun toward a crowd of people, even if, quote, the defendant has no intent to hit or kill anyone. And Mr. Maiman tries to distinguish between, ah, completed second-degree murder and attempted second-degree murder in Florida, but he never explains what the difference is between those two crimes in Florida. The only difference I can see is in attempted second-degree murder, the victim lives. So it's unlike all other... Didn't the Supreme Court actually say that? I mean, I guess I don't have the citation at hand, but maybe you do. I thought the Florida Supreme Court had actually said the difference between attempted second-degree murder and completed second-degree murder is just whether a death results. It may be. It may be that you found it, but I certainly cited a couple of cases for that proposition just comparing the elements. So the fact that Fisher involved a completed murder rather than... And it's true that the Florida Supreme Court has never said it requires only recklessness, so there's this Coy Coup case where the Florida Supreme Court says attempted second-degree murder requires a showing of recklessness. Is that right? Is that they do say that or they don't say that? Yeah, but they do say that. Um, I believe that's correct, but also, um, the government itself in the district court, this is at page 82 of the appendix, footnote 16, it's the government's papers to the district court, quoting, now, Florida does hold that a depraved mind, the mens rea for attempted second-degree murder, is one of recklessness, and they're quoting Cusu, the case you just cited to me, and we know from Borden that that's just not good enough. Mr. Maimon also didn't mention Brady, which was not a... When we do the categorical approach, we do have this general principle that we're not going to indulge a creative application of the legal imagination, so why shouldn't we just say, if in Florida they say attempted murder occurs when somebody would have been killed and a person of reasonable judgment knows that the death was reasonably certain to occur, why don't we just say that means that really the person has at least knowledge, and it's kind of extraordinary to imagine circumstances under which the defendant would not have knowledge that there was going to be force applied against the person. A couple of responses, Your Honor. First, the Florida Supreme Court has used both could have resulted in death or would have resulted in death. I'm not sure if those are interchangeable or they mean different things, but just so we're clear. I think, you know, Florida decides what Florida law is, and Florida has said, I think clearly enough, what Florida law is, and even if the court decides that it doesn't make sense or it's not really... Well, nobody's saying it doesn't make sense, right? So the argument is not that it doesn't make sense. The argument is it is tantamount to requiring knowledge on the part of the defendant that force is going to be used against the person. No one's denying that Florida gets to say what the Florida law is. Right, but Florida... So if the elements are that a person would have been killed and a person of reasonable judgment would reasonably be, would have reasonable certainty that the result... Doesn't that mean you can imagine some kind of extraordinary fact pattern, but like the regular case without an extraordinary application of legal imagination would be that the defendant knows that there's going to be force applied against the person. I think, you know, there are many categorical cases which use hypotheticals and really, really sort of extreme hypotheticals. I'm relying on two real cases. Brady and Fisher are actual Florida Supreme Court cases dealing with actual real facts. So in Brady, there's no requirement that the defendant be reasonably certain or know that it's going to hit a person. It was an extreme recklessness. He was firing so closely to them that he's responsible for the attempted murder of both. So I don't think the court needs to go any further. The Supreme Court says you look to the highest state court and its description of the elements is binding under the categorical approach. And if you look at those in conjunction, especially with the jury charge, there is no such requirement that the defendant has to intend to use force against the person of another. And come back to Fisher. Court acknowledged he was intending to use force against property. And that was good enough, clearly sufficient for completed attempted second degree murder, but there's no reason... But what about the idea that actually what's happening there is the court is just saying you can't exclude the possibility and that's just kind of a throwaway thing and then they consider there's evidence to support second degree murder separately. I don't think that's what Fisher says, but I also don't think it's really a respectful reading of... Florida Supreme Court is the Florida Supreme Court. This was a capital case. There was a dissent in the Florida Supreme Court on the question of whether the evidence was sufficient to support any murder. So this was not thoughtless. They knew the evidence. They knew the record. If you go back and look at the briefing to the Florida Supreme Court, you'll see that the defendant isn't just arguing premeditations. He's saying there's not even enough for the intent to kill. They may have just been shooting at the carport and the car. If there are no further questions, it's been a long morning, but I thank you for your time. Thank you both and we'll take the matter under advisement. Very well argued, both sides.